UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

KIONTAY SMITH,

         Plaintiff,

v.                                                                                          CAUSE NO. 3:23-CV-269 DRL-MGG

KITTLE PROPERTY GROUP, INC.,

         Defendant.

## OPINION AND ORDER

Following her termination from Kittle Property Group, Inc., Kiontay Smith filed a charge with the Equal Employment Opportunity Commission and then a complaint here. She alleges wrongful termination based on race, sex, and sexual orientation discrimination under Title VII of the Civil Rights Act and wrongful eviction under the Fair Housing Act (FHA). Kittle argues that Ms. Smith failed to exhaust her administrative remedy to pursue her Title VII sexual orientation claim and seeks to dismiss this claim (count three) under Federal Rule of Civil Procedure 12(b)(6). The court denies the motion to dismiss but merges count three into count two based on sex discrimination.

## BACKGROUND

Accepting all well-pleaded allegations as true and taking all reasonable inferences in Ms. Smith's favor, these facts emerge for today's purposes. In 2021, she was employed with Kittle as a maintenance technician [1 ¶ 5]. She also rented from the company an apartment where she lived with her wife [*id.* ¶ 7]. Late that year, Ms. Smith twice witnessed a white female resident park in a space designated for employees and told her she could not park there per Kittle's policy [*id.* ¶¶ 8-9]. The resident reportedly became combative, so Ms. Smith reported her behavior to the property manager [*id.* ¶ 10].

After returning from a two-week sick leave on December 20, 2021, Ms. Smith was met by Kittle's property manager, regional manager, and a law enforcement officer [14-1]. She was terminated from the

company and evicted from her apartment with seven days' notice [1 ¶¶ 12-13]. Ms. Smith was told that she was being terminated because of her interactions with the resident over the parking spot [*id.*; 14-1].

Before filing her complaint, Ms. Smith filed an EEOC charge [14-1]. Her EEOC charge checked the boxes for discrimination based on race and sex. There was not a separate checkbox for sexual orientation discrimination on the charge form, and she left the "Other" option blank. Ms. Smith reported in her narrative that she was "discriminated against on the basis of [her] Race, African American, and Sex, Female, which is in violation of Title VII of the Civil Rights Act of 1964" [*id.*]. She said white employees always enjoyed an investigation first if they were accused of misconduct, and Kittle never evicted or called police on white employees who were terminated. Though she mentioned her wife in passing, she omitted any express allegation of sexual orientation discrimination.

The EEOC notified Ms. Smith of her right to sue, and she thereafter filed her complaint against Kittle [1 ¶ 2]. She says she was terminated without investigation, while white, heterosexual employees were afforded an investigation and were allowed to stay in their apartments after similar accusations [*id.* ¶¶ 14-15]. She alleges the company wrongfully terminated her based on her race, sex, and sexual orientation in violation of Title VII and wrongfully evicted her in violation of the FHA. This summer Kittle filed a motion to dismiss count three—sexual orientation discrimination.

STANDARD

In reviewing a motion to dismiss under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). It need not plead "detailed factual allegations." *Id.* A claim must be plausible, not probable. *Indep. Tr. Corp. v. Steward Info.*

*Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chi.*, 671 F.3d 611, 616 (7th Cir. 2011) (quotations and citation omitted). For a Rule 12(b)(6) motion, the court may consider the complaint, its attachments, documents incorporated by reference in the complaint, and judicially noticeable facts. *See Orgone Cap. III, LLC v. Daubenspeck*, 912 F.3d 1039, 1044 (7th Cir. 2019); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

DISCUSSION

A plaintiff suing for employment discrimination under Title VII must first exhaust certain administrative requirements before she can file suit. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47 (1974). First, she needs to file a charge with the EEOC. *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1846 (2019). Next, she must receive a right-to-sue letter from the EEOC, at which time she has ninety days to file suit in federal court. *See* 42 U.S.C. § 2000e-5(f)(1). She must exhaust this administrative remedy as a precondition to bringing a private claim. *Teal v. Potter*, 559 F.3d 687, 691 (7th Cir. 2009); *see also Fort Bend*, 139 S. Ct. at 1846 ("Title VII's charge-filing instruction is not jurisdictional.").

This requirement exists to provide the employer with notice of the conduct at issue and so the EEOC and employer can investigate and settle the matter out of court. *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Because of this, "a Title VII plaintiff cannot bring claims in a lawsuit that were not included in her EEOC charge." *Id.* That said, a plaintiff does not need to "allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." *Id.* Rather, the assertions in the charge are given "significant leeway." *Id.*

This liberal standard stems from a recognition that most EEOC charges are "drafted by laypersons rather than lawyers." *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 831 (7th Cir. 2015). "EEOC charges are in laymen's language." *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*,

538 F.2d 164, 167 (7th Cir. 1976). "To compel the charging party to specifically articulate in a charge filed with the [EEOC] the full panoply of discrimination [that] [she] may have suffered may cause the very persons Title VII was designed to protect to lose that protection because they are ignorant of or unable to thoroughly describe the discriminatory practices to which they are subjected." *Id.* at 168; *see id.* at 168–69 (allowing sex discrimination case to proceed because the charge contained facts to support such a claim though the plaintiff didn't check the box for sex discrimination on the charge form).

A complaint meets the exhaustion requirement when its claims are "like or reasonably related to the allegations of the [EEOC] charge and grow[] out of such allegations." *Id.* at 167. Claims are "like or reasonably related" when "(1) there is a reasonable relationship between the allegations in the charge and the claims in the complaint and (2) the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (quotations omitted).

To determine whether a claim passes this two-part test, there must be "a careful examination and comparison of the charges and the complaint." *Id.* at 1005. The charge and complaint "must, at minimum, describe the *same conduct* and implicate the *same individuals.*" *Id.* at 1004 (quoting *Cheek*, 31 F.3d at 500). But a "plaintiff cannot bring a new claim that is inconsistent with the claim in his EEOC charge, even if the new claim involves the same parties and the same facts as the other claim." *Id.* at 1004–05 (quotations omitted). "The fact that the charge and the complaint generally assert the same kind of discrimination is not sufficient, without some factual relationship between them." *Id.* at 1005.

*Rush v. McDonald Corp.*, 966 F.2d 1104 (7th Cir. 1992), provides a helpful illustration. In *Rush*, the complaint listed five forms of race-based discrimination: racial discharge, denial of promotion, denial of benefits, discriminatory promotion policy, and racial harassment. *Id.* at 1110–11. Because the EEOC charge specifically mentioned racial discharge and denial of promotion, these claims were preserved. *Id.* at 1111. The EEOC charge did not explicitly cite the denial of benefits or any discriminatory promotion

policy, but the court held that these claims "were derivative of the denial of promotion" and thus were properly preserved. *Id.* The racial harassment claim in the complaint wasn't preserved because racial harassment was a separate instance of discrimination from racial discharge or denial of a promotion, not derivative of them. *Id.* at 1111–12. In sum, *Rush* recognized that claims that are derivative of those alleged in a plaintiff's EEOC charge are both "reasonably related" and "growing out of such allegations," so are preserved under the exhaustion requirement. *See id.*

Discrimination on the basis of sexual orientation is a prohibited form of sex discrimination under Title VII. *Bostock v. Clayton Cnty.*, 140 S. Ct. 1731, 1740-41 (2020). Sex is "necessarily a but-for cause when an employer discriminates against homosexual . . . employees" because it "inescapably *intends* to rely on sex in its decisionmaking." *Id.* at 1742. Because discrimination on the basis of homosexuality "requires an employer to intentionally treat individual employees differently because of their sex," "an employer who intentionally treats a person worse because of sex—such as by firing the person for actions or attributes it would tolerate in an individual of another sex—discriminates against that person in violation of Title VII." *Id.* at 1740, 1742. "[A] person who alleges that she experienced employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes." *Hively v. Ivy Tech Cmty. Coll. of Ind.*, 853 F.3d 339, 351-52 (7th Cir. 2017).

Kittle argues that Ms. Smith did not exhaust her administrative remedies as to her sexual orientation claim because she did not specifically assert sexual orientation discrimination in her EEOC charge. Sexual orientation discrimination, Kittle reasons, is a separate and distinct theory of discrimination that is not reasonably related to or growing out of a charge based on sex discrimination. These arguments fail under the law. *See Bostock*, 140 S. Ct. at 1740; *Hively*, 853 F.3d at 351–52.

Kittle cites two cases in which a court found that a sexual orientation claim was not exhausted in the EEOC charge. The first, *Lankford v. BorgWarner Diversified Transmission Prods.*, 2004 U.S. Dist. LEXIS 4451 (S.D. Ind. Mar. 12, 2004), relied on reasoning that since has been overruled. *Compare Lankford*, 2004

U.S. Dist. LEXIS 4451 at 14 ("[S]ex discrimination . . . [is] not 'like or reasonably related to,' and cannot be expected to grow out of, the allegations of harassment and discrimination on the basis of sexual orientation made in the EEOC charge."), *with Hively*, 853 F.3d at 351–52 ("person who alleges that she experienced employment discrimination on the basis of her sexual orientation has put forth a case of sex discrimination for Title VII purposes"), *and Bostock*, 140 S. Ct. at 1741 ("it is impossible to discriminate against a person for being homosexual . . . without discriminating against that individual based on sex").

In the second, *Hamzah v. Woodman's Food Mkt., Inc.*, 693 F. Appx. 455, 458 (7th Cir. 2017), an employee failed to exhaust administrative remedies for his sexual orientation discrimination claim because he just never checked the box for any sex discrimination or otherwise allege it in his EEOC charge, much less include any facts related to his sexual orientation. In fact, the court there implied that checking the box for sex discrimination would have prevented the defect. *See id.* Notably, the plaintiff in *Bostock* also checked the box for sex discrimination rather than select "Other" or write in sexual orientation discrimination. *See Bostock v. Clayton Cnty.*, 2016 U.S. Dist. LEXIS 192898, 5 (N.D. Ga. Nov. 3, 2016).

Here, Ms. Smith checked the box for sex discrimination and specifically alleged the same in the narrative portion [14-1]. Considering that sexual orientation discrimination is a form of sex discrimination, it makes sense that there was no separate box for her to check. Contrary to Kittle's claim that Ms. Smith's "charge makes absolutely no mention of Plaintiff's sexuality," her charge specifies that she was forced to "vacate the apartment [her] *wife* and [her] shared" [14 at 4; 14-1] (emphasis added). Because the charge clearly states that Ms. Smith is also female, the mention of her wife would have alerted the investigator of her sexual orientation—if any more was required after alleging sex discrimination.

The law is clear that discrimination based on sexual orientation is a form of sex discrimination. Because of this, her claim for discrimination based on sexual orientation is considered both reasonably related to and growing out of her claim for sex discrimination and is preserved by that allegation in her EEOC charge. *See Rush*, 966 F.2d at 1111-12. Additionally, Ms. Smith's claim for sexual orientation

discrimination is consistent with the allegations in her EEOC charge, as both rely on the same set of facts and implicate the same individuals [1 ¶¶ 5-15; 14-1].

Precluding Ms. Smith's sexual orientation discrimination claim due to a procedural issue "[is] particularly inappropriate in a statutory scheme [like Title VII] in which laymen, unassisted by trained lawyers, initiate the process." *Cheek*, 31 F.3d at 501 (quoting *Love v. Pullman Co.*, 404 U.S. 522, 527 (1972)). Preventing her from proceeding with her claim, considering the significant leeway given to the scope of EEOC charges for exhaustion purposes, would frustrate the remedial purposes of Title VII rather than foster the preferable resolution of the suit on its merits. *See Trujillo v. Rockledge Furniture LLC*, 926 F.3d 395, 399 (7th Cir. 2019). That said, because sexual orientation is recognized under the law as a form of sex discrimination, counts two and three should merge. Labels in a complaint may be disregarded in favor of their substance. *See Zurich Am. Ins. Co. v. Ocwen Fin. Corp.*, 990 F.3d 1073, 1080 (7th Cir. 2021).

CONCLUSION

Accordingly, the court DENIES Kittle's motion to dismiss under Rule 12(b)(6) [13] but MERGES count three into count two as a single count.

SO ORDERED.

October 4, 2023                                        s/ *Damon R. Leichty*
                                                              Judge, United States District Court